UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>James Covington</u>

    v.                                            Civil No. 06-cv-416-PB

<u>Blaine Randy Hawkes, Esq., et al.</u>

**REPORT AND RECOMMENDATION**

Pro se plaintiff James Covington has filed suit against Blaine Randy Hawkes and Linda Slamon, his court-appointed attorneys in a state court criminal case, and Harold J. Bursztajn, MD, a professor of psychiatry retained to assist in the preparation of Covington's criminal defense. Covington seeks damages for alleged violations of his constitutional rights by the defendants. Because plaintiff is a prisoner proceeding pro se, the complaint is before me for preliminary review to determine, among other things, whether this Court's subject matter jurisdiction has been invoked. <u>See</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A)(ii). I find that Covington has not established that this Court has subject matter jurisdiction over this matter, and I therefore recommend that the action be dismissed.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

In October of 1999, Covington was indicted on two counts of second degree murder. Two attorneys employed by the New Hampshire Public Defender, Blaine Randy Hawkes and Linda Slamon, were appointed by the state Superior Court to represent Covington. During the course of their representation, Hawkes and Slamon obtained authorization from the trial court for a disbursement of funds from the state's indigent defense fund to retain Dr. Harold J. Bursztajn, an associate clinical professor of psychiatry at the Harvard Medical School, to conduct an assessment of whether or not Covington had a viable insanity defense. After examining Covington and reviewing the results of

additional testing, Dr. Bursztajn concluded that he could not make a finding that Covington was insane at the time of the murder. Based in large part on this medical opinion, Covington agreed to enter into a negotiated plea in the case rather than proceed to trial.

Apparently, during the pendency of the murder charges, the trial judge in the case asked defense counsel to approach Dr. Bursztajn about reducing his substantial fee. Attorney Hawkes agreed to request a fee reduction, or "roll back," on the basis that if the doctor wanted to seek work in New Hampshire, he would have to modify his prices. At the time that Dr. Bursztajn rendered his opinion, however, Hawkes had not yet asked the doctor to reduce his fee.

Covington now alleges that Dr. Bursztajn was not provided with enough information upon which to base his opinion regarding Covington's sanity at the time of the murder. Covington concludes that in an effort to save money on further testing and to please the trial judge, Hawkes and Slamon misrepresented Dr. Bursztajn's position to Covington in order to convince him to plead guilty. Based on these facts, Covington alleges that Hawkes, Slamon and Dr. Bursztajn violated Covington's Fifth and

Fourteenth Amendment right to substantive and procedural due process, his Sixth Amendment right to the effective assistance of counsel, and his Sixth and Fourteenth Amendment rights to compulsory process.[1]

Covington alleges that Hawkes and Slamon acted in concert with both the trial court and Dr. Bursztajn in an effort to violate his civil rights in order to save the state money. However, Covington has also attached several documents to his complaint, which I will consider to be part of the complaint for all purposes,[2] which directly contradict Covington's assertions regarding what occurred and what motivated the defendants' actions in this matter.

## Discussion

Federal courts are courts of limited jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). The

---

[1] Covington alleges that these acts occurred between December of 1999 and May of 2000. This action was not filed until November 7, 2006. While it appears that the three-year statute of limitations applicable to these matters may be a reason to recommend dismissal of the complaint, I will not address this issue at this time as I find that this Court lacks subject matter jurisdiction to entertain this action at all and I recommend dismissal of the action in its entirety on that basis.

[2] <u>See</u> Fed. R. Civ. P. 10(c) (requiring that written instruments attached to a pleading be construed as part of the pleading "for all purposes").

presumption is that a federal court lacks jurisdiction. Id. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id.; see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action involves either a federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331 & 1332. If it appears that the court lacks subject matter jurisdiction over the matter, the court is required to dismiss the action. Fed. R. Civ. P. 12(h)(3). Turning attention to the case at hand, even when afforded liberal construction, the complaint is insufficient to invoke the subject matter jurisdiction of this court.

To allege an action based on this Court's diversity jurisdiction, the plaintiff must allege that the plaintiff is a citizen of a different state from any of the defendants, and he must allege an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a) & (b). While Covington alleges am amount in controversy of $250,000, he does not assert that he is a citizen of a different state than each of the defendants.

Moreover, there are no allegations set forth in the complaint establishing that a federal question exists in this action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11-12 (1983). Covington has brought this suit under 42 U.S.C. § 1983, alleging that his rights under certain provisions of the federal constitution were violated. Constitutional violations are actionable under 42 U.S.C. § 1983 if committed by a state actor or a person acting under color of state law. Covington has named his court-appointed attorneys and a psychiatrist consulted by his attorneys in preparing Covington's defense as defendants to this action. Court-appointed defense attorneys do not act "under color of state law" while they are engaged in the representation of their clients, and are therefore not state actors for purposes of 42 U.S.C. § 1983. Georgia v. McCollum, 505 U.S. 42, 53 n.9, 54 (1992) (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)). Further, Covington alleges no facts to indicate that Dr. Bursztajn was a state actor or engaged in state action. To the contrary, he is a medical school professor at a private University who was hired by defense counsel as part of Covington's representation – representation that did not

constitute state action.  See Polk County, 415 U.S. at 325.

Because Covington has failed to allege state action on the part of any of the defendants, he cannot state a federal cause of action under 42 U.S.C. § 1983.

Finally, Covington alleges a claim under 42 U.S.C. § 1985(2), which provides, in certain circumstances, for a cause of action against private defendants who engage in a conspiracy to interfere with civil rights.  Section 1985(2) states:

> If two or more persons in any State or Territory conspire to deter by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . . or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

To state a claim under § 1985(2), a plaintiff must show either (1) the existence of conspiracy to use threat, force, or intimidation of a witness or party to obstruct justice in a federal court, Haddle v. Garrison, 525 U.S. 121, 125 (1998), or (2) class-based invidious discrimination on the part of the

defendants.  Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976).  Covington alleges neither an obstruction of justice in any federal court action nor the existence of any class-based invidious discrimination.  Accordingly, Covington has not stated any federal question under 1985(2).[3]

## Conclusion

Because Covington has failed to state sufficient facts to invoke the subject matter jurisdiction of this Court I recommend that the complaint be dismissed without prejudice to refiling of this action in a court of competent jurisdiction.  See LR 4.3(d)(1).  Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of

---

[3] Covington alleges a state law tort claim based on the facts allegedly underlying the civil rights claims.  Because Covington has not established this Court's jurisdiction over his federal claims, I must recommend dismissal of the pendent state law claim.

9

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:     January 26, 2007

cc:       James Covington, pro se